UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

RALPH E. PRICE, on behalf of himself and
all others similarly situated,

        Plaintiffs,

              v.                          Civil Action No. 2:10-cv-216

ROBERT M. GATES, Secretary of Defense
in his individual and official capacities, the UNITED STATES
DEPARTMENT OF DEFENSE, and the UNITED
STATES OF AMERICA,

           Defendants.

DEFENDANTS' JOINT REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

By his memorandum opposing defendant's Motion to Dismiss, plaintiff Ralph E. Price

attempts to circumvent the sovereign immunity of the United States by relying on the Little

Tucker Act (28 U.S.C. § 1346) and the Administrative Procedures Act ("APA") (5 U.S.C. 701,

*et seq.*).  Neither statute, however, applies in plaintiff's instant action to permit the claims

plaintiff seeks to assert.  Rather than repeat their arguments in this Reply, defendants offer this

additional rebuttal argument.

        A.       Contrary to Plaintiff's Contention, the Little Tucker Act Does Not Create Any
                       Substantive Right Enforceable Against the United States for Money Damages.

        Plaintiff attempts to circumvent the requirement that a money mandating statue is a

necessary predicate to seeking a claim for money damages against the United States by arguing

1

that plaintiff is merely seeking money "improperly 'retained'" by defendants.  Memorandum in

opposition, p. 9).  Were plaintiff's semantical exercise accepted, then for all intents and purposes

the Little Tucker Act's waiver of sovereign immunity would always create a substantive right of

action against the United States, since a claim for money owed could always be characterized as

one for money "improperly retained."  Of course, that is not the law, and plaintiff is required to

base his claim on a money mandating statue.  *Tristan v. United States*, 424 U.S. 392, 398 (1974).

Moreover, plaintiff's characterization of the bonus which he claims he is owed as "part of

a pay system" and "not a discretionary bonus" (Memorandum in Opposition, p. 9) is another

semantical exercise which purports to deprive words of their plain meaning, not to mention the

meaning provided to them by federal regulation, wherein a bonus is defined as: "an element of

the performance payout that consists of a one-time lump-sum payment made to employees.  It is

not part of basic pay."  5 C.F.R. §9901.304 (Jan 1, 2006).  By definition, then, plaintiff is

incorrect in his characterization of his claim for money owed, and must point to a money

mandating statute that would require payment in this case.  This he has failed to do.

B.      The APA Does Not Support Plaintiff's Claim.

In their memorandum supporting their motion to dismiss, defendants explained why the

Mandamus Act, Declaratory Judgment Act, and Back Pay Act failed to provide a basis for

plaintiff's claim here.  In response, plaintiff seeks establish his claim under the Administrative

Procedures Act, 5 U.S.C. § 701, *et seq.*  Memorandum in Opposition, pp. 11-15.  The

fundamental flaw in plaintiff's contention, however, is that his complaint fails assert a cause of

action that contests a final Agency decision as arbitrary and capricious under the APA.  5 U.S.C.

§ 706.

2

In the first instance, as plaintiff correctly notes, section 701(a)(1) of the APA specifically excludes judicial review of agency action where "agency action is committed to agency discretion by law."  As articulated by defendants in Section IV.A.2. of their Memorandum, incentive award statues such as that at issue here, are entirely discretionary.  Hence, plaintiff is not entitled to pursue relief under the APA for his failure to receive a bonus.

Second, it is well-established that the APA's waiver of sovereign immunity does not apply to suits for money damages.  *See, e.g.*, *Ross v. United States,* 460 F.Supp.2d 139, 149 (D.C.D.C. 2006); *Buiaz v. United States,* 471 F.Supp.2d 129, 138 (D.C.D.C. 2007).  At bottom, plaintiff seeks, on behalf of himself and "tens of thousands of DoD civilian employees" money damages for bonuses he claims were wrongfully withheld.  Memorandum in Opposition, p. 2.  The APA will not waive the United States' sovereign immunity for such a claim.

Third, to the extent the agency action plaintiff challenges is the implementation of federal regulations and DoD instructions requiring employees to be in NSPS-covered positions on the effective date of the performance payout (the first pay period after January 1) in order to receive a bonus, plaintiff has failed to plead an APA action under 5 U.S.C. §§ 702 and 706.  As discussed in Section II of defendant's Memorandum, two sets of rules were used to implement the NSPS rating system.  Inasmuch as the second set of rules, found at 5 C.F.R. §9901.304, superceded the first set of rules, any challenge to the first set of rules, and by extension, agency action taken pursuant to them, is moot.  Moreover, district court review under the APA is limited to the record of the administrative proceedings.  *See, e.g., NVE, Inc. v. Dep't of Health and Human Services*, 436 F.3d 182 (3rd Cir. 2006).  Nowhere in plaintiff's complaint does he contest how the agency developed the rules about which he complains, or articulate how the rules are arbitrary or

capricious.  In fact, other than a scant reference to the APA in paragraph 14 of the complaint,[1]

plaintiff does not articulate a cause of action under the APA, or even make reference to it, at all.

As a result, plaintiff has failed to state a claim under the APA.

Plaintiff has failed to assert a proper cause of action against defendants under any of the

bases articulated in the complaint.  Plaintiff's claim for his bonus is nothing but a claim for

money damages unavailable under the APA.  Logically, the government can only act through its

agencies.  If jurisdiction could attach merely by reliance on a claim of "agency action" under the

APA, then the government has permanently waived sovereign immunity for all of its actions.

Clearly this is not the case.  Plaintiff's complaint should be dismissed.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By:      /s/
         Lawrence R. Leonard
         Managing Assistant United States Attorney
         Virginia State Bar No. 37995
         Attorney for Defendants
         United States Attorney's Office
         101 West Main Street, Suite 8000
         Telephone - 757 - 441 - 6331
         Facsimile - 757 - 441 - 6689
         E-Mail - lawrence.leonard@usdoj.gov

OF COUNSEL:
JOHN D. NOEL
Senior Trial Attorney
Navy Litigation Office

---

[1] While the caption to Count I provides "Declaratory Relief/Review Pursuant to Administrative Procedures Act", nothing in Count I articulates a claim as to how DoD's final agency action in passing relevant federal regulations and DoD instructions concerning eligibility to receive performance payout bonuses is arbitrary and capricious.

CERTIFICATE OF SERVICE

I hereby certify that, on the 27th day of July 2010, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of

electronic filing (NEF) to the following filing user:

Lisa A. Bertini
Bertini, O'Donnell & Hammer. P.C.
999 Waterside Drive, Ste. 1010
Norfolk, VA  23510
lbertini@bohlaw.net

    /s/
Lawrence R. Leonard
Managing Assistant United States Attorney
Virginia State Bar No. 37995
Attorney for Defendant
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA  23510
757- 441-6331 Office
757-441-6689  Fax
lawrence.leonard@usdoj.gov